**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DIANNE LOWE CUTHBERTSON,

        Plaintiff,

                                Case No. 6:15-cv-2062-Orl-41JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

### **I. Status**

Dianne Lowe Cuthbertson ("Plaintiff") commenced this action on December 8, 2015 by timely filing a Complaint (Doc. No. 1) under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of the Social Security Administration's ("Administration('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "Anxiety/Depression," "Bilat[eral] knee cond[ition,]" "Chronic Asthma," "Chronic Pain," "D[egenerative ]D[isc ]D[isease]," "HCL," "Arthritis," "Carpal Tunnel [in the right arm,]" "Bilat[eral] Heel Spurs," "Chronic Allergies," "Obesity," and "Diabetes (possibly)[.]" See

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed March 4, 2016, at 259.

This cause is before the Court on Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. No. 18; "Motion"), filed July 5, 2016, that seeks to remand the case to the Commissioner of the Administration for reconsideration of certain issues.[2] Plaintiff responded in opposition on July 19, 2016, contending that this Court should reverse and award benefits rather than send the case back to the Administration for further consideration. See Plaintiff's Response to Defendant's Motion for Entry of Judgment with Remand (Doc. No. 19; "Response"). Then, with leave of Court, see Order (Doc. No. 21), Defendant replied on July 29, 2016, see Reply to Plaintiff's Opposition to Agency's Motion for Entry of Judgment with Remand (Doc. No. 22; "Reply").

By filing the Motion, Defendant essentially concedes reversible error on the part of the Administration regarding Plaintiff's claims for DIB and SSI. The question is whether, as a result of the error, the Court should direct an award of benefits or remand the matter for further administrative proceedings. To resolve this question, the undersigned sets out the background of proceedings, the decision at issue, and the typical standard of review in social security appeals. Then, the undersigned summarizes the specific arguments of the parties and makes findings regarding the proper remedy. For the reasons discussed below, the undersigned ultimately finds that the Motion is due to be granted to the extent that the case

---

[2] Prior to the filing of Defendant's Motion, on May 6, 2016, Plaintiff's Brief (Doc. No. 17) was filed. In Plaintiff's Brief, she argued that the Administration erred in several respects and the matter should be reversed with an award of benefits. See generally id.

should be reversed and remanded for further proceedings, including reassignment to a different administrative law judge.

## **II. Background of Proceedings**

Plaintiff filed her applications on May 20, 2010, alleging an onset disability date of May 16, 2008.[3]  Tr. at 199-200 (DIB), 201-09 (SSI).  Plaintiff's applications were denied initially, Tr. at 81, 85-88 (DIB), 82, 89-92 (SSI), and were denied upon reconsideration, Tr. at 83, 97-100 (DIB), 84, 101-02 (SSI).

An Administrative Law Judge ("First ALJ") held a hearing on August 25, 2011, during which he heard testimony from Plaintiff, who was represented by counsel.  Tr. at 50-79.  At the time of the hearing, Plaintiff was fifty-one (51) years old.  Tr. at 54.  The vocational expert ("VE") who was scheduled to appear for the hearing could not appear because he was ill.  Tr. at 56.  For this and other reasons, Plaintiff requested a supplemental hearing.  Tr. at 164.  The First ALJ granted this request and held another hearing on October 27, 2011.  Tr. at 31-48.  During this hearing, the First ALJ heard testimony from a VE and Plaintiff, who was represented by counsel.  Tr. at 31-48.[4]

---

[3] Prior to filing these applications, Plaintiff received disability benefits from November 1989 through January 2003.  Tr. at 156.  The prior grant of disability status was based on obesity and spinal stenosis.  Tr. at 156.  In addition, at the same time the instant DIB application was filed, Plaintiff filed an application for child's insurance benefits.  Tr. at 198.  Finally, there is a second DIB application in the administrative transcript dated July 27, 2010; in that application, Plaintiff alleges the same onset disability date as alleged in the applications at issue: May 16, 2008.  Tr. at 210-11.

[4] During the October 27, 2011 hearing, Plaintiff amended the alleged onset disability date to January 1, 2007, when she would have been forty-six (46) years old.  Tr. at 34.  Later in the administrative proceedings, however, Plaintiff apparently reverted to the original alleged onset date of May 16, 2008.  See, e.g., Tr. at 583 (August 3, 2015 hearing indicating the alleged onset date is May 16, 2008).

On November 30, 2011, the First ALJ issued a Decision ("First Decision") finding that Plaintiff was not disabled "from May 16, 2008, through the date of the [First Decision]." Tr. at 23 (emphasis and citation omitted), 14-24 (entire First Decision), 642-52 (duplicate of First Decision). Plaintiff then requested review by the Appeals Council, Tr. at 7, and submitted evidence to the Council in the form of a memorandum authored by her attorney representative, Tr. at 4-5, 662-63 (duplicate); see Tr. at 339-59 (representative's memorandum and exhibits), and a letter from Jo Ann Dunaway, a former coworker, see Tr. at 8-10 (letter), 786-87 (duplicate). On November 27, 2012, the Appeals Council denied Plaintiff's request for review, making the First Decision the final decision of the Commissioner. Tr. at 1-3, 659-61 (duplicate).

On January 7, 2013, Plaintiff, through new counsel, commenced an action in this Court appealing the final decision denying her claims. See Complaint (Doc. No. 1), Dianne Lowe Cuthbertson v. Comm'r of Soc. Sec., No. 6:13-cv-37-Orl-36KRS. On February 10, 2014, an Order was entered by the Honorable Charlene Edwards Honeywell, United States District Judge, adopting the Report and Recommendation of the Honorable Karla R. Spaulding, United States Magistrate Judge, and reversing the Commissioner's final decision and remanding the matter for further administrative proceedings. See Tr. at 665-78 (Report and Recommendation), 679-80 (Order); see also Report and Recommendation (Doc. No. 16), No. 6:13-cv-37-Orl-36KRS; Order (Doc. No. 17), No. 6:13-cv-37-Orl-36KRS. The Clerk entered judgment in favor of Plaintiff on February 11, 2014. See Tr. at 682; see also Judgment (Doc. No. 18), No. 6:13-cv-37-Orl-36KRS.

On remand, the Appeals Council entered an Order remanding the case to an ALJ. Tr. at 684-86. Then, a second ALJ ("ALJ") held a hearing on August 3, 2015.[5] Tr. at 581-638. During this hearing, the ALJ heard from Plaintiff, two medical experts, and a VE. Tr. at 581-638. The ALJ issued a Decision on October 8, 2015 ("Decision" or "Decision at issue") finding, similarly to the First ALJ, that Plaintiff was not disabled from May 16, 2008 through the date of the Decision at issue and denying Plaintiff's claims. Tr. at 558-70.

### III. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 560-70. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 16, 2008,

---

[5] The First ALJ was "no longer assigned to [the office handling Plaintiff's claims] so the case was rotationally reassigned to [another ALJ] . . . for its disposition." Tr. at 584.

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

the alleged onset date." Tr. at 560 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: a history of degenerative joint disease (osteoarthritis) of the right knee, asthma and morbid obesity." Tr. at 561 (emphasis and citation omitted).  At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 [('Listing(s)')]." Tr. at 562 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except [Plaintiff] is able to lift 10 pounds occasionally and five pounds or less more frequently. [Plaintiff] is precluded from sustained standing and walking.  She requires the use of a wheelchair. [Plaintiff] may occasionally climb stairs, balance, stoop, kneel and crouch. [Plaintiff] must never climb ramps, ladders, scaffolds and she must never crawl. [Plaintiff] should avoid concentrated exposure to fumes, odors, dusts, gases and hazards such as dangerous moving machinery and unprotected heights.

Tr. at 563 (emphasis omitted). At step four, the ALJ found that Plaintiff "is capable of performing her past relevant work as a data customer service representative" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]."  Tr. at 569 (emphasis and citation omitted).  Based on the ALJ's finding at step four, the ALJ did not proceed to step five.  See Tr. at 569.  The ALJ concluded that Plaintiff "has not been under a disability . . . from May 16, 2008, through the date of th[e D]ecision."  Tr. at 569 (emphasis and citation omitted).

## **IV. Standard of Review**

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **V. Discussion**

### **A. Arguments of the Parties**

Essentially conceding error if applying the above standard of review, Defendant seeks to reverse and remand the case with the following directions to the ALJ:

> Upon remand, the ALJ will evaluate whether Plaintiff's impairments meet or equal a listing, including Listing 1.02; evaluate and weigh the medical opinions of record, including the medical expert's opinion, and explain the rationale for the weight given; consider all of the lay opinion evidence; and determine whether [Plaintiff] can perform work that exists in significant numbers in the national economy, obtaining VE testimony if necessary.

Motion at 1. Defendant argues that the case should be remanded "for additional fact-finding, not for payment of benefits." Id. at 2 (citations omitted); see Reply at 1.

Plaintiff contends the record supports a finding of disability without any doubt, and "the circumstances of this case warrant a reversal for an award of benefits." Response at 1. In support of requesting this relief, Plaintiff contends that a non-examining board certified orthopedic surgeon, Darius Ghazi, M.D., testified during Plaintiff's August 3, 2015 remand hearing that she meets or equals Listing 1.02 (dealing with major dysfunction of a joint). Response at 2-4. Plaintiff also contends she has suffered an injustice warranting an award of benefits for two reasons: 1) it has been six years since her application was filed, and she has yet to receive a final decision that is legally sufficient; and 2) Dr. Ghazi opined that she meets or equals Listing 1.02. Id. at 5-7.

In the event the Court determines that reversal with an award of benefits is not appropriate, Plaintiff requests in the alternative that the Court "direct the Commissioner to assign [Plaintiff's] case to a different ALJ for an unbiased reconsideration of her claim." Id. at 7 (citation omitted). Plaintiff contends that the ALJ demonstrated bias when he suggested that if Plaintiff amended her alleged onset date to her fifty-fifth birthday, he would be inclined to award benefits, but when she refused, the ALJ denied benefits altogether. Id. at 7-8.

Defendant in the Reply contends that Dr. Ghazi's opinion at the hearing does not establish disability without a doubt. Reply at 2-3. Further, argues Defendant, "Plaintiff has

not established that she suffered an injustice warranting a remand for payment of benefits." Id. at 3.  According to Defendant, "this case has not been grossly mishandled and the problems with the ALJ's decision are new."  Id.

**B. Whether to Remand for Further Proceedings or Award Benefits**

Although generally error in social security claim adjudication results in remand to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)).  In other words, "where there is no need for the ALJ to take additional evidence, or to complete the sequential evaluation, and where substantial evidence exists in the record to support a finding of disability, the Court may properly reverse and remand for an award of benefits."  Richardson v. Apfel, 44 F. Supp. 2d 1264, 1268 (M.D. Fla. 1998) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)) (footnotes omitted).

Even when the evidence does not necessarily establish disability without any doubt, it may be appropriate in certain instances to remand for an award of benefits.  To do so, the claimant must have "suffered an injustice."  Walden v. Schweiker, 672 F.2d 835, 840 (11th Cir. 1982) (finding an injustice and reversing and rendering judgment for the appellant "[d]ue to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision").  In short, "the Commissioner does not receive 'endless opportunities to get it right.'"  Goodrich v. Comm'r of Soc. Sec., No. 6:10-cv-1818-Orl-28DAB, 2012 WL 750291, at *14 (M.D. Fla. Feb. 7, 2012) (quoting Seavey

v. Barnhart, 276 F.3d 1, 13 (1st Cir. 2001)). When there is repeated delay in the proceedings, it may be appropriate to reverse with benefits. See, e.g., id.

Here, although Plaintiff is correct that Dr. Ghazi testified she meets Listing 1.02 "[b]ased on the advanced degenerative joint disease on the patellofemora joint, which is a very disabling, painful condition," Tr. at 599-600, the testimony evidently was based upon a knee x-ray dated in March of 2006, Tr. at 601-04. Dr. Ghazi could only point to that x-ray as the specific evidence that served as the basis for his opinion. Tr. at 601-03. Dr. Ghazi testified he thought in addition to the March 2006 knee x-ray, he relied on something else post-dating that evidence, but he could not find it, nor could the ALJ or Plaintiff's attorney. Tr. at 603-05, 610. The ALJ recognized during the hearing that Plaintiff was working in 2006 when the knee x-ray was taken, Tr. at 602; Plaintiff did not even allege a disabling condition until later (May 16, 2008), Tr. at 609-10; and there was no x-ray or MRI in the file dated after 2006 or 2007 that was relevant to the question of whether Listing 1.02 is met or equaled, Tr. at 610. The ALJ, therefore, refused to find that Plaintiff meets or equals Listing 1.02, noting that "the testimony of the orthopedist is mistaken as to the reason that he indicated that [Plaintiff] met or equaled a listing because he relied on evidence that does not exist in this file." Tr. at 610.

Plaintiff's counsel did attempt to point out to the ALJ during the hearing that another orthopedic surgeon, Brian R. Hatten, M.D., opined in April 2006 after a consultation with Plaintiff that she had the same condition as testified to by Dr. Ghazi. Tr. at 609-10; see Tr. at 513-16 (Dr. Hatten's report). But that consultation was about the same time that the x-ray was taken. Tr. at 513.

In short, while Dr. Ghazi and Dr. Hatten rendered opinions that, if accepted, would establish Plaintiff's disability, both opinions were based on evidence dated well prior to Plaintiff's alleged onset disability date. In light of these circumstances, the undersigned is not able to find that the evidence establishes disability without any doubt.

As to Plaintiff's contention that she has suffered an injustice, Plaintiff cites, discusses, and attaches to her Response three cases decided in 2016 in the Middle District of Florida in which the Court reversed and remanded for an award of benefits for that reason: Quanstrom v. Commisioner of Social Security, No. 6:15-cv-990-Orl-37GJK ("Quanstrom"); Moran v. Commissioner of Social Security, No. 6:15-cv-1065-Orl-40TBS ("Moran"); and Weary v. Commissioner of Social Security, No. 6:14-cv-1742-Orl-GJK ("Weary"). Response at 4-7, App'x 1-5. The plaintiffs in the first two cases, however, waited a much greater duration for an ultimate decision regarding benefits than Plaintiff has waited in this case, and the errors in those cases were more egregious (and continuous) than the ones in the instant case. In Quanstrom, it was the plaintiff's fourth appeal to this Court, and she had waited more than fourteen years for benefits. See Response at App'x 1. In Moran, it was the plaintiff's third appeal to this Court, and he had waited more than nine years for benefits. See id. at App'x 3.

Even the plaintiff in the third case, Weary, waited a greater duration than Plaintiff has in the instant case, although like the instant case, that case involved a second appeal to this Court. Response at App'x 5. In Weary, the plaintiff had waited almost eight years for benefits. Id. In awarding benefits, the Court found that the ALJ had ignored remand

instructions and "made findings contrary to the law, regulations, rules and the evidence in the record." Id. at App'x 5 p. 14.

Here, in arguing that she has suffered an injustice that should result in entitlement to benefits, Plaintiff relies on the duration of time that has passed and on the fact that the ALJ declined to find she meets Listing 1.02 despite medical opinions to the contrary.[7] Response at 5-7. Although six and one-half years is undoubtedly a long time to wait, it is not as long as the plaintiffs waited in any of the cases upon which Plaintiff relies and does not, in and of itself, amount to an injustice requiring an award of benefits. Just as importantly, the ALJ's finding here regarding Listing 1.02 does not amount to an injustice that requires an award of benefits, for the same reasons discussed supra at Section V.B pp. 10-11. Accordingly, the proper remedy is to remand the matter for further proceedings.

## C. Whether to Direct Reassignment to a Different ALJ

Plaintiff asks the Court to direct that this matter be reassigned to a different ALJ on remand because of a number of statements the ALJ made urging Plaintiff to amend her alleged onset disability date to her fifty-fifth birthday and suggesting he would award benefits as of that date if she did so. Response at 7-8; see Tr. at 606 (ALJ at hearing stating, among other things, "if she wants to amend her onset date to her 55th birthday and, you know, I'll probably be inclined to give her a benefit"), 568 (ALJ's Decision at issue stating, "[Plaintiff] declined to accept a later onset date as of her 55th birthday"). According to Plaintiff, these

---

[7] The undersigned notes that Plaintiff, in her original brief filed before the Motion was filed, argued that the ALJ failed to follow remand instructions (like the ALJ in Weary was found to have done). See Pl.'s Br. at 16-20. The alleged failure here, however, was based mainly on mistakes of fact, see id., and is not as egregious as the failure in Weary.

statements demonstrate bias such that the ALJ "will not fairly consider [Plaintiff's] application for benefits." Id. at 7. Defendant fails to respond to this request. See generally Reply.

Adjudicators for administrative agencies are generally presumed to be unbiased and honest, and to have integrity. Schweiker v. McClure, 456 U.S. 188, 195-96 (1982); Withrow v. Larkin, 421 U.S. 35, 47 (1975). The burden of showing otherwise rests with the party making the assertion. Schweiker, 456 U.S. at 196. In support of contending the Court should direct reassignment to a different ALJ, Plaintiff cites Martin v. Barnhart, 319 F. Supp. 2d 1381, 1384 (S.D. Ga. 2004). Martin is almost directly on point. In Martin, the ALJ essentially urged the plaintiff to amend the alleged onset date and suggested that the ALJ would consider awarding benefits if the plaintiff did so. Id. Finding that "[t]he inference of such precondition is inescapable," the district court concluded that "[i]t is this appearance of impropriety that undermines the ultimate decision in the case." Id. Accordingly, for this and other reasons, the case was remanded for consideration by a different ALJ. Id.

In light of Defendant's failure to respond to Plaintiff's request for reassignment (after being allowed to file the Reply), and in light of the persuasive reasoning in Martin, the undersigned recommends including in any remand order an instruction that the case be assigned to a different ALJ.[8]

## VI. Conclusion

For the foregoing reasons, it is

**RECOMMENDED THAT**:

---

[8] At the very least, it would be appropriate to strongly urge the Commissioner to assign a different ALJ. See Dziekan v. Colvin, No. 12 C 3211, 2013 WL 3929998, at *10 (N.D. Ill. July 30, 2013) (citations omitted) ("strongly recommend[ing] that on remand, a different ALJ be assigned to th[e] case").

1. Defendant's Opposed Motion for Entry of Judgment with Remand (Doc. No. 18) be **GRANTED** to the extent that the Clerk of Court should be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> This matter shall be reassigned to a different ALJ. On remand, the new ALJ will evaluate whether Plaintiff's impairments meet or equal a listing, including Listing 1.02; evaluate and weigh the medical opinions of record, including the medical expert's opinion, and explain the rationale for the weight given; consider all of the lay opinion evidence; and determine whether [Plaintiff] can perform work that exists in significant numbers in the national economy, obtaining VE testimony if necessary.

2. The Clerk be further directed to close the file.

3. Plaintiff's counsel be advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 4, 2017.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:

Hon. Carlos E. Mendoza
United States District Judge

Counsel of record