UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANE LOWE CUTHBERTSON,**

   **Plaintiff,**

**v.**                Case No:  **6:15-cv-2062-Orl-41JRK**

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Plaintiff Dianne Cuthbertson pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), which seeks judicial review of the Commission of the Social Security Administration's ("Commissioner") decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental Social Security Income ("SSI") payments. This cause is also before the Court on Defendant's Motion to Remand (Doc. 18). On January 4, 2017, Magistrate Judge James R. Klindt issued a Report and Recommendation ("R&R," Doc. 23), in which he recommends, *inter alia*, that Commissioner's final decision be reversed and remanded for further proceedings. The Commissioner filed Defendant's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 24), to which Plaintiff filed a Response to the Defendant's Objection to the Magistrate Judge's Report and Recommendation (Doc. 25). After an independent *de novo* review of the record, the R&R will be adopted in part and rejected in part.

I.     BACKGROUND[1]

On May 20, 2010, Plaintiff filed applications for DIB and SSI, claiming that she became disabled on May 16, 2008. (R. 199–209). Initially and upon reconsideration, the Social Security Administration denied both applications. (R. 81–92, 97–102). In April 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 107). Her case was assigned to ALJ Aaron M. Morgan, and the hearing was held on August 25, 2011. (*Id.* at 50). Plaintiff, who was represented by counsel, appeared and testified at the hearing. (*Id.* at 50–79). The vocational expert who was scheduled to testify at the hearing could not appear due to illness, (*id.* at 56), therefore, Plaintiff requested a supplemental hearing, (*id.* at 164).

On October 27, 2011, ALJ Morgan held a supplemental hearing, at which Plaintiff and the vocational expert testified. (*Id.* at 31–48). A month later, ALJ Morgan issued a decision finding that Plaintiff was not disabled. (*Id.* at 14–24). Plaintiff sought review of ALJ Morgan's decision with the Appeals Council, but her request was denied. (*Id.* at 659–61). She then appealed to the United States District Court for the Middle District of Florida. *See Cuthbertson v. Comm'r of Soc. Sec.*, No. 6:13-cv-37-Orl-36KRS (M.D. Fla. Jan. 7, 2013). Upon consideration of Plaintiff's appeal, District Court Judge Charlene Edwards Honeywell entered an Order reversing the Commissioner's decision and remanding Plaintiff's case for further administrative proceedings. *See id.* at Doc. 17 (adopting the report and recommendation of the Magistrate Judge Karla R. Spaulding).

---

[1] The Administrative Record is filed at docket entry 14-1 through docket entry 14-15. For clarity purposes, the Court will treat the Record as a single document, using the form (R. at __); pincites will be to the bates numbers provided in the Record.

On remand, Plaintiff's case was rotationally assigned to ALJ John D. Thompson, Jr. because ALJ Morgan was no longer assigned to the office handling Plaintiff's disability claims. (R. at 584). A hearing was held on August 3, 2015. (*Id.* at 581). During this hearing, ALJ Thompson heard testimony from Plaintiff, two medical experts, and a vocational expert. (*Id.* at 581–638). On October 8, 2015, ALJ Thompson issued a decision finding that Plaintiff was not disabled. (*Id.* at 558–570). Plaintiff was fifty-five on the date of ALJ Thompson's decision.

On December 8, 2015, Plaintiff appealed to this Court, arguing that ALJ Thompson erred by: (1) failing to apply the correct legal standards to the opinion of one of Plaintiff's medical experts; (2) failing to properly address and weigh the statements of Plaintiff's third-party witnesses; and (3) failing to apply the correct legal standards to Plaintiff's testimony. (Pl.'s Brief, Doc. 17, at 2–23). Plaintiff argues that the Court should reverse the matter for an award of benefits, rather than further proceedings for two reasons: (1) the Commissioner has already considered essential evidence, the cumulative effect of which establishes Plaintiff's disability without any doubt, and (2) Plaintiff has suffered an injustice because she filed her application for benefits several years ago, and has yet to receive a final decision that is legally sufficient. (*Id.* at 23–24).

Plaintiff alternatively asks that that if the Court remands her case for further proceedings that the Commissioner be ordered to assign a different ALJ for an unbiased reconsideration of her disability claim. (*Id.* at 24 n.2). Plaintiff contends that ALJ Thompson cannot fairly consider her application for benefits because he made multiple statements urging Plaintiff to amend her onset disability date to her fifty-fifth birthday and suggested that he would only award benefits as of that date. (*Id.*). In support of her argument, Plaintiff relies primarily on *Martin v. Barnhart*, 319 F. Supp. 2d 1381, 1384 (S.D. Ga. 2004), where the court found that an ALJ created an appearance of

impropriety by implying that he would grant an award of benefits to the claimant if she amended her onset date of disability.

Commissioner argues that an award of benefits is inappropriate because Plaintiff has failed to demonstrate that the evidence in her case establishes disability without any doubt or that she has suffered an injustice. (Doc. 18 at 2). Conceding error, however, the Commissioner moves the Court to remand Plaintiff's case further administrative proceedings. (*Id.* at 1). On remand, the Commissioner asserts that the ALJ should be instructed to:

> evaluate whether Plaintiff's impairments meet or equal a listing, including Listing 1.02; evaluate and weigh the medical opinions of record, including the medical expert's opinion, and explain the rationale for the weight given; consider all of the lay opinion evidence; and determine whether claimant can perform work that exists in significant numbers in the national economy, obtaining VE testimony if necessary.

(*Id.*). The Commissioner did not respond to Plaintiff's request for the reassignment of her case to a different ALJ.

Upon review of the record, the Magistrate Judge found no "evidence establish[ing] [Plaintiff's] disability without any doubt." (Doc. 23 at 11). He also found no injustice warranting an award of benefits. (*Id.* at 13). Accordingly, the Magistrate Judge recommends that the Court reverse and remand Plaintiff's case for further proceedings. In light of the Commissioner's failure to respond to Plaintiff's request for reassignment and the decision in *Martin*, the Magistrate Judge also recommends that that the Court direct the Commissioner to reassign Plaintiff's case to a different ALJ. Alternatively the Magistrate Judge recommends that the Court strongly urge the Commissioner to assign a different ALJ. (Doc. 23 at 13 n.8).

The Commission objects to the Magistrate Judge's recommendation regarding the reassignment of Plaintiff's case.[2] (*See generally* Doc. 24).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Commissioner raises several arguments against reassignment for the first time in her Objection. (*See* Doc. 24 at 1 n.1) (acknowledging that counsel mistakenly failed to address Plaintiff's argument regarding the reassignment issue in the reply brief).[3] The Commissioner argues, *inter alia*, that reassignment is inappropriate because ALJ Thompson's statements "were

---

[2] Neither party objects to the Magistrate Judge's recommendation that the Court reverse this matter for further proceedings. Finding no clear error, the Court will accept the Magistrate Judge's recommendation. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (explaining that in the absence of specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (quotation omitted)).

[3] Where a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument. *See Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009). Nevertheless, the Court will address the Commissioner's arguments.

based on the record and the absence of evidence, not any alleged bias or antagonism towards Plaintiff." (*Id.* at 2). Upon review of the record, the Court agrees.

The decision to remand a Social Security case to a different ALJ is generally reserved for the Commissioner, however, courts may order the Commissioner to assign a different ALJ upon a showing of bias on the part of the original ALJ. *Travis v. Sullivan*, 985 F.2d 919, 924 (7th Cir. 1993). There is a rebuttable presumption that the original ALJ is unbiased. *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982). Plaintiff, as the party asserting the ALJ's bias, bears the burden of rebutting that presumption by demonstrating a "conflict of interest or some other specific reason for disqualification." *Id.* at 195–96, 102. Importantly, "the 'appearance of impropriety' standard for recusal applicable to Article III judges, *see* 28 U.S.C. § 455(a), does not apply to ALJs: rather, actual bias must be shown." *Hilburn v. Astrue*, No. 8:10-cv-272-T-27EAJ, 2010 WL 3385135, at *1 (M.D. Fla. Aug. 26, 2010); *cf. King ex rel. S.K. v. Comm'r of Soc. Sec.*, No. 607-cv-537-ORL-22DAB, 2008 WL 4095493, at *5 (M.D. Fla. Aug. 29, 2008) (noting that "other courts have held that remand to a different ALJ may be an appropriate remedy, even without an express finding of bias" and collecting cases).

To constitute bias, the evidence "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (same). As a corollary, "[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Amedeo*, 487 F.3d at 829 (same). When the alleged bias

does not stem from an extrajudicial source, it must be "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

Plaintiff claims that reassignment of her case is warranted because ALJ Thompson made multiple statements at the administrative hearing that indicate his inability to fairly consider Plaintiff's application for benefits. (Doc. 25 at 2). Specifically, ALJ Thompson stated: "[i]f [Plaintiff] wants to amend her onset date to her 55th birthday and, you know, I'll probably be inclined to give her a benefit," (R. at 606); "she's just not getting benefits that far back. I mean, you know, I'm not going to do that," (*id*. at 607); "I mean, I'm not going to do that," (*id.* at 607–08); "the Court can do whatever it wants to," (*id.* at 610). In ALJ Thompson's decision, he also noted that Plaintiff "declined to accept a later onset date as of her 55th birthday." (*Id*. at 568). Plaintiff claims that these statements create an appearance of impropriety. (Doc. 25 at 2).

The Court does not find that ALJ Thompson's statements indicate that bias or an inability to render fair judgment with regard to Plaintiff's alleged disability. Plaintiff does not allege ALJ Thompson considered evidence outside the record, or formed "an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell*, 384 U.S. at 583. Moreover, Plaintiff has also not cited, and the Court has not found, any authority suggesting, that it is improper for an ALJ to offer to allow a claimants to amend their onset disability date. *But see Reynolds v. Astrue*, No. CIV. SKG-11-559, 2012 WL 1107649, at *14 (D. Md. Mar. 30, 2012) (finding that it was not improper for an ALJ to raise the issue of amending the claimants onset date where claimant was represented by counsel). The Court finds *Reynolds* persuasive and concludes that the ALJ Thompson's offer to allow Plaintiff to amend her onset date was not, in and of itself, improper and is insufficient to establish bias. Thus, Plaintiff must show that ALJ Thompson's alleged bias evidences "clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

Plaintiff is entitled to a fair hearing that comports with due process. *See Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) ("Trial before 'an unbiased judge' is essential to due process") (quoting *Johnson v. Mississippi*, 403 U.S. 212, 216 (1971)). Obviously, it would be improper for ALJ Thompson to refuse to award Plaintiff benefits based on her refusal to amend her onset date. The Court does not find, however, that ALJ Thompson's statements create any fundamental due process concerns that would warrant reassigning her case to a different ALJ.

ALJ Thompson's statements merely indicate that he did not believe—based on evidence presented at the hearing—that Plaintiff could establish that she had been disabled since 2006. (*See* R. at 583–610). However, ALJ Thompson wanted "to cut her a break" (*id*. at 607), and proposed that if Plaintiff amended her onset disability date to her fifty fifth birthday he would probably award benefits, (*id.* at 606). Although ALJ Thompson's statements were somewhat improvident, nothing in the record suggests that he rendered, or would render, an unfavorable decision in retribution for Plaintiff's refusal to amend her onset date.

Further, the Court does not find that *Martin* supports Plaintiff's argument for reassignment. In *Martin*, the district court held that reassignment to a new ALJ was proper for two reasons: (1) the ALJ considered extrajudicial evidence in deciding the claimant's disability; and (2) the ALJ created an appearance of impropriety by ostensibly conditioning the award of benefits on the claimant amending her claim. *Martin*, 319 F. Supp. 2d at 1384. Plaintiff has not shown that ALJ Thompson committed the combination of errors discussed in *Martin*. Moreover, unlike the claimant in *Martin*, Plaintiff has not shown that ALJ Thompson relied on extrajudicial information or that he displayed clear inability to render fair judgment. Simply put, Plaintiff has failed show that ALJ Thompson's comments display deep-seated favoritism or antagonism that would make

fair judgment impossible or clearly indicate that he will not fairly and impartially consider Plaintiff's claim on remand.

That said, the Court still strongly encourages the Commissioner to reassign Plaintiff's case to a new ALJ. Plaintiff filed for Social Security benefits nearly seven years ago and the matter remains unresolved. The parties seem to agree that ALJ Thompson erred when evaluating Plaintiff's claim, and that ALJ Thompson would be required to consider some of the same issues using the appropriate legal standards. Thus, justice would be better served by assigning the matter to a new ALJ on remand. Furthermore, assigning this case to a new ALJ will prevent Plaintiff from raising allegations of bias by ALJ Thompson in any future appeal of this matter.

### IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 23) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein. In all other respects, the Report and Recommendation is **REJECTED**.

2. Defendant's Motion to Remand (Doc. 18) is **GRANTED**.

3. The Commissioner's final decision in this case is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

4. The Commissioner is strongly encouraged to assign this matter to a new Administrative Law Judge, who will: (1) evaluate whether Plaintiff's impairments meet or equal a listing, including Listing 1.02; (2) evaluate and weigh the medical opinions of record, including the medical expert's opinion, and explain the rationale for the weight given; (3) consider all of the lay opinion evidence; and (4) determine

whether Plaintiff can perform work that exists in significant numbers in the national economy, obtaining vocational expert testimony, if necessary.

5. The Clerk is directed to enter judgment accordingly and close this case.

6. If Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) must be filed within thirty days of the date of the Commissioner's letter is sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. Any fee application must be filed within the parameters set forth by the Order entered in *In Re: Procedures for Applying for Attorney's Fees*, No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 14, 2012).

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record